SETH E. PIERCE (SBN 186576)
sep@msk.com
BRADLEY J. MULLINS (SBN 274219)
bym@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, California 90067-3120
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiff,
Birch Gold Group, LP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIRCH GOLD GROUP, LP,<br><br>Plaintiff,<br><br>v.<br><br>BISHOP GOLD GROUP, LLC,<br><br>Defendant. | CASE NO. 2:25-cv-09105<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT**<br>2. **UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN**<br>3. **UNFAIR BUSINESS PRACTICES**<br>4. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**

Plaintiff Birch Gold Group, LP ("BGG"), by its undersigned attorneys, Mitchell Silberberg & Knupp LLP, complains and alleges against Defendant Bishop Gold Group, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action for an injunction, damages, and other appropriate relief arising out of, *inter alia*, Defendant's trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and California statutory and common law, relating to Defendant's unauthorized use of BGG's registered trademark (the "Mark") and related common law rights and associated goodwill to promote its competing precious metals business.

2. Defendant is in the same business as BGG, competes in the same markets, and has adopted a logo and overall design that is strikingly similar to BGG's trademarked logo and branding. Worse, BGG has recently learned that Defendant has intentionally deceived potential customers into believing that Defendant is associated with BGG, attempting to take advantage of the confusion Defendant has wrought.

3. Defendant's conduct has confused – and will continue to confuse – unknowing consumers, harm BGG's business, and will continue to cause substantial loss of good will. To protect its goodwill, and to protect consumers from Defendant's deception, BGG brings this action.

## THE PARTIES

4. Plaintiff BGG is a corporation organized under the laws of the State of Iowa, having a principal place of business in Des Moines, Iowa.

5. Upon information and belief, Defendant is a corporation organized under the laws of the State of Wyoming, having a principal place of business at 1801 Century Park East, 24th Floor, Los Angeles, California 90067.

## JURISDICTION AND VENUE

6. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and California statutory and common law. This Court has original subject matter

1  jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338, and
2  supplemental jurisdiction over the statutory and common law claims, which form part
3  of the same case or controversy, pursuant to 28 U.S.C. § 1367(a).

4     7.    This Court has personal jurisdiction over Defendant because, upon
5  information and belief, Defendant has a principal place of business in California, and
6  has committed unlawful acts within California that have caused and/or will cause
7  injury to the consuming public in California.

8     8.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)
9  because Defendant is subject to personal jurisdiction in this judicial district and/or
10  because a substantial part of the events giving rise to this action occurred in this
11  judicial district.

## FACTS COMMON TO ALL CLAIMS

**A.  BGG's Well-Established Use and Registration of its Mark**

14     9.    BGG is one of the leading retailers of physical precious metals in the
15  United States, having been in operation since 2011.

16     10.    Since its founding, BGG has devoted substantial time and resources to
17  building substantial goodwill in its brand.

18     11.    BGG offers services nationwide and has served over 37,000 customers
19  since its founding.

20     12.    In addition to a registered trademark in the name "Birch Gold Group"
21  (Reg. No. 4,579,553), through extensive and long-standing use, BGG has also
22  developed trademark rights in its logo, pictured below:

Mitchell
Silberberg &
Knupp LLP

3
**COMPLAINT**



13. BGG has been utilizing this logo (the "Mark") since at least 2011 in connection with its precious metals business. To protect its valuable name, Mark, and brand, BGG applied to register the Mark with the United States Patent and Trademark Office ("USPTO"). As of August 2025, the Mark is registered with the USPTO (Reg. No. 7900663).

14. BGG also often uses the Mark in connection with its name in a stylized fashion, with the logo presented adjacent to or above BGG's name, with an underline below the name, as depicted below:



15. Over the years, BGG has continuously and exclusively used the Mark in commerce in connection with its precious metals business, and has devoted extensive resources towards developing and promoting its business.

16. As a result of BGG's longstanding and extensive use of the Mark, BGG has developed considerable goodwill in the Mark. Consumers recognize the Mark as identifying and/or referring to BGG and its services as a precious metals retailer.

B. **Defendant's Infringement**

17. Defendant is a direct competitor to BGG in the precious metals industry.

18. Upon information and belief, Defendant has only been in operation since approximately 2020.

19. Defendant has adopted a logo that is strikingly similar to the logo that has long been used by BGG (the "Infringing Logo"). The Infringing Logo uses the Mark's unique exaggerated looped tails on the letter "B." An image of the Infringing Logo is below:



20. When placed next to the Mark, the visual similarities between Defendant's adopted logo and the Mark are readily apparent:

 

21. The similarities are compounded when the similar logos are used in connection with BGG's and Defendant's respective company names. Defendant exacerbated the confusion by adopting a very similar name – one word starting with the letters "B" and "I," followed by two identical words, "Gold Group" – utilizing a font nearly identical to that used by BGG, and incorporating into a two-level structure, separated by an underline:



22. At times, Defendant even uses gold lettering, further emphasizing the similarities:





23. Given BGG's extensive history in the precious metals industry, it is beyond belief that Defendant was unaware of BGG, BGG's goods and services, and BGG's trademarks, at the time Defendant chose to adopt the Infringing Logo.

24. Nevertheless, with full knowledge of BGG's prior rights, Defendant adopted and is using the Infringing Logo in direct competition with BGG, creating confusion among consumers and profiting from BGG's goodwill.

25. BGG has also recently received reports from confused consumers who contacted Defendant believing that they were contacting BGG. In at least one instance, a consumer believed that they were interacting with BGG and made statements to Defendant indicating that they believed they were interacting with BGG. Aware of the consumer's apparent confusion, Defendant made no effort to correct the consumer's misunderstanding and continued with the sales call. The consumer – taken aback by the deception – contacted BGG to make BGG aware of the Defendant's misconduct.

26. Defendant's actions have caused and, unless enjoined, will continue to cause irreparable harm to BGG and a substantial loss of goodwill in the Mark. To protect the valuable goodwill that BGG has built up in the Mark over the past fourteen-plus years, and to protect the public from further confusion that will inevitably result from Defendant's use of the Mark and BGG's goodwill for similar goods and/or services, BGG brings this action against Defendant for (1) trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair business practices in violation of California Business & Professions Code § 17200 *et seq.*; and (4) trademark infringement and unfair competition in violation of California common law.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement in Violation of Section 32(1) of the Lanham Act)**

27. BGG realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of this Complaint as if fully set forth at length herein.

28. BGG owns all rights, title, and interest in and to valid, subsisting, unrevoked, and uncancelled Registrations for the marks "Birch Gold Group" and the Mark (Reg. No. 4,579,553 and Reg. No. 7900663).

29. BGG has been using the Mark in commerce long before Defendant adopted the Infringing Logo and commenced the infringing use alleged herein.

30. Defendant's unauthorized and ongoing use of the Infringing Logo has caused consumer confusion and is likely to cause further confusion and/or mistake in the minds of the public as to the source of the parties' goods and/or services, leading the public to believe that one party's products emanate or originate from the other, or that one party has approved, sponsored, or otherwise is associated with the other.

31. Defendant's actions constitute an infringement of BGG's rights in the Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

32. Upon information and belief, Defendant has intentionally and willfully used the Infringing Logo in commerce with knowledge of BGG's prior exclusive rights in the Mark and with deliberate intention to cause mistake and confuse or deceive the general public as to the affiliation, connection, or association of Defendant and its products with BGG.

33. Upon information and belief, Defendant has made and/or will make substantial profits to which it is not entitled to in law or in equity.

34. Defendant's infringing conduct has caused and/or, unless restrained by this Court, will cause BGG to suffer damages and irreparable harm and injury, including to the goodwill, reputation, and business associated with the Mark, for which BGG has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition and False Designation of Origin in Violation of Section 43(a) of the Lanham Act)**

35. BGG realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of this Complaint as if fully set forth at length herein.

36. BGG owns valid and protectable trademark rights in the Mark, including all common law trademark rights and all rights, title, and interest in and to the

Registrations for the marks "Birch Gold Group" and the Mark (Reg. No. 4,579,553 and Reg. No. 7900663), as well as BGG's trade dress used in connection with the Mark as set forth herein.

37. Defendant's unauthorized current and intended use of the Infringing Logo, including in the promotion of its business and the sale and/or distribution of its products, falsely suggests, and is likely to cause confusion, or to cause mistake, or to deceive the general public into erroneously believing that one party's goods and/or services originate with or emanate from the other party, are authorized, licensed, sponsored, or endorsed by the other party, and/or are otherwise affiliated, connected, or associated with the other party.

38. Defendant's conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Upon information and belief, Defendant is intentionally and willfully using the Infringing Logo in commerce with knowledge of BGG's prior rights in the Mark and related trade dress, and in willful disregard of the risk of that Defendant's use would cause confusion, mistake, and/or deception as to the parties' affiliation and the source of their goods and/or services, and also diminish the goodwill and recognition associated with the Mark.

40. Defendant's misconduct has caused and/or, unless restrained by this Court, will continue to cause BGG damages and irreparable harm and injury, including to the goodwill, reputation, and business associated with the Mark, for which BGG has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Unfair Business Practices in Violation of
### Cal. Bus. & Prof. Code § 17200 et seq.)

41. BGG realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of this Complaint as if fully set forth at length herein.

42. Defendant has engaged in unlawful, unfair, or fraudulent business practices or acts, as described above, that have injured and will continue to injure BGG and its business and property.

43. Upon information and belief, Defendant has acted in bad faith, including insofar Defendant has adopted, is using, and intends to expand its use of the Infringing Logo with full knowledge and in willful disregard of BGG's prior rights, even after BGG requested that Defendant cease and desist.

44. Defendant's conduct violates California Business and Professions Code §§ 17200 et seq.

45. Defendant's conduct has caused and/or, unless restrained by this Court, will continue to cause irreparable harm and injury to BGG, including to the goodwill, reputation, and business associated with the Mark, for which BGG has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement and Unfair Competition)**

46. BGG realleges and incorporates by reference each and every allegation contained in each of the preceding paragraphs of this Complaint as if fully set forth at length herein.

47. BGG owns all rights, title, and interest in and to the distinctive and well-known Mark, including all common law rights in the Mark, as well as its related trade dress as set forth herein.

48. Defendant has adopted, is using, and continues to use in commerce, without BGG's consent or authorization, the Infringing Logo to market, promote, offer for sale, sell, and/or distribute its goods and/or services, which are highly similar to the goods and/or services offered by BGG under the Mark.

49. Defendant's unauthorized use of the Infringing Logo has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive the general public into erroneously believing that one party's goods and/or services emanate from

Mitchell Silberberg & Knupp LLP

1  the other party, are authorized, licensed, sponsored, or endorsed by the other party,
2  and/or are otherwise affiliated, connected, or associated with the other party.

3  50. Upon information and belief, Defendant's unauthorized use of the Mark
4  has been with knowledge of BGG's prior rights, and in willful disregard of the risk
5  that Defendant's use would cause confusion, mistake, or deception to the general
6  public as to the parties' affiliation and the source of their goods and/or services, and
7  also diminish the goodwill and recognition associated with the Mark.

8  51. Defendant's conduct constitutes trademark infringement and unfair
9  competition in violation of California common law.

10  52. Defendant's conduct has caused and/or, unless restrained by this Court,
11  will continue to cause BGG to suffer damages and irreparable harm and injury,
12  including to the goodwill, reputation, and business associated with the Mark, for
13  which BGG has no adequate remedy at law.

Dated: September 24, 2025      MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Bradley Mullins
    Seth E. Pierce
    Bradley Mullins
    Attorneys for Plaintiff,
    Birch Gold Group, LP

# PRAYER FOR RELIEF

WHEREFORE, BGG respectfully requests that this Court enter judgment against Defendant as follows:

A.  That the Court find that Defendant has engaged in (i) trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (ii) false designation of origin (in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair business practices in violation of California Business and Professions Code §§ 17200 *et seq.*; and (iv) trademark infringement and unfair competition in violation of California common law.

B.  That the Court issue an injunction providing that, pursuant to 15 U.S.C. § 1116(a), Defendant and its agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of or in concert with Defendant, jointly and severally, be enjoined through the world during the pendency of this action and permanently thereafter from:

  i.  Using the Mark, or any confusingly similar variations thereof in connection with Defendant's goods and/or services that are competitive with or otherwise similar to or related to BGG's goods and/or services;

  ii.  Using any false designation, description, or representation, or otherwise engaging in conduct that is likely to create an erroneous impression that one party is affiliated, connected, or associated with the other party, and/or that one party's goods and/or services originate with, or are sponsored or approved by, the other party; and

  iii.  Doing any act or thing likely to induce the belief that one party's goods and/or services are in any way legitimately sponsored or approved by, or affiliated, connected, or associated with, the other party.

Mitchell
Silberberg &
Knupp LLP

C. That the Court issue an order requiring Defendant to pay to BGG either (i) all such actual damages and profits attributable to the infringements of the Mark by Defendant and those acting in concert with Defendant in an amount to be proven at trial; or (ii) in the alternative, statutory damages pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), of up to $2,000,000 for each trademark that Defendant has counterfeited and infringed.

D. That the Court issue an order requiring Defendant to pay to BGG such other and further damages as may be available in accord with California common law and California Business and Professions Code §§ 17200 *et seq.*;

E. That the Court award BGG interest, including all pre-judgment interest, on all damages awarded by the Court;

F. That the Court award BGG exemplary and punitive damages to deter further willful infringement;

G. That the Court award BGG their costs in this action, including reasonable attorneys' fees, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

H. That the Court award such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, BGG hereby demands a trial by jury on all issues so triable.

Dated: September 24, 2025         MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Bradley Mullins
    Seth E. Pierce
    Bradley Mullins
    Attorneys for Plaintiff,
    Birch Gold Group, LP